IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIM. ACT. NO. 1:24-cr-112-TFM |
| | ) |
| TAVARIS LAMON BODY | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Defendant's Motion to Reconsider Denial of Motion for Release Pending Sentencing* (Doc. 604, filed 8/27/25) which the Court construed as objections to the Magistrate Judge's Order (*see* Docs. 602, 624). The United States filed its response in opposition, and the Court finds that a hearing is not necessary for the resolution of the motion.

For the reasons stated below, the Defendant's motion is **DENIED** and the Magistrate Judge's order denying release is **AFFIRMED**. Defendant shall remain in custody pursuant to the Order of Detention (Doc. 79).

I. **BACKGROUND**

On June 27, 2024, the grand jury returned its indictments involving Defendant Tavaris Lamon Body ("Defendant" or "Body") in which he is charged in a single count (Count Two) of Conspiracy to Possess with the Intent to Distribute Cocaine in violation of 21 U.S.C. § 846 in an amount more than 5 kilograms. *See* Doc. 7. The United States moved to detain Body on July 26, 2024 and the Magistrate Judge held a hearing on July 29, 2024. *See* Docs. 62, 63. The Magistrate Judge detained Body pending trial and entered an order of detention finding (1) that the rebuttable presumption arises under 18 U.S.C. § 3142(e)(3) because it involved an offense for which the maximum term of imprisonment of 10 years or more is prescribed; (2) the defendant did not

introduce sufficient evidence to rebut the presumption; (3) by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and (4) by a preponderance of the evidence that no condition or combination of conditions will reasonable assure the defendant's appearance as required. Doc. 79. She provided further explanation of her reasoning in that same order. *Id*. No objections or appeal of the detention order was filed.

On February 7, 2025, Defendant filed his notice of intent to plead guilty. *See* Doc. 301. Pursuant to a plea agreement, Defendant pled guilty to Count 2 on February 20, 2025. *See* Docs. 313, 314, 315, 316, 340. He remained in custody after the entry of his guilty plea.

On August 13, 2025, Defendant filed a motion for reconsideration on release pending sentencing. *See* Doc. 599. In the motion, Body noted that sentencing has been postponed several times so that he can receive the benefits of his plea agreement and due to the delay of the co-defendants' trial. Body states that he is not a flight risk or a danger to re-offend, that he has family in the area, could live with his girlfriend, would be able to work at a local Popeye's Chicken, and any risk to the community could be mitigated by electronic monitoring and/or supervision by the U.S. Probation Office. *Id*. On August 15, 2025, the Magistrate Judge denied the motion for reconsideration by text order stating that "said motion presents no new information that would alter the Court's previously stated grounds for detention." Doc. 602. On August 27, 2025, Defendant filed his objections to the denial of Defendant's release request.[1] Doc. 604; *see also* Doc. 624 (Court order on September 26, 2025 construing motion as objections and directing USA response).

---

[1] On September 2, 2025, Defendant also filed a *pro se* motion requesting his release and for a hearing on the matter. *See* Doc. 609. Because Body is represented by counsel, the Court denied the motion. *See* Doc. 611.

In his objections, Defendant argues that the Magistrate Judge erred in her determination because the circumstances had changed in that the "lack of stable residence" and "lack of stable employment" were two of the grounds for initially denying Body's release.  However, the newer motion for release indicated that he had a job offer and a stable place to live which would alter the Court's previously stated grounds.   Doc. 604.  Moreover, he has been cooperative with the government throughout the case.  *Id*.

In its response, the United States asserts the objection should be overruled, noting that Body's detention is mandatory under the Bail Reform Act, 18 U.S.C. § 3143(a)(2) and the Court may only release him pending sentencing if it finds there are "exceptions reasons" to do so under § 3145(c).  *See* Doc. 643.  The United States asserts that finding stable housing and employment is not sufficient to overcome the requirement to detain under the statute.  *Id*.

## II.    STANDARD OF REVIEW

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, governs the release or detention of a defendant pending trial. "Section 3142(e) accords the judicial officer substantial latitude in determining whether pretrial detention is appropriate."  *United States v. King*, 849 F.2d 485, 487 (11th Cir. 1988).  A finding that a defendant poses a flight risk or is a danger to another person or the community requires his detention pending trial.  18 U.S.C. § 3142(e)(1).

The Bail Reform Act also mandates the detention of any defendant who is awaiting sentencing for a violation of the Controlled Substances Act that carries a maximum term of imprisonment greater than 10 years.  18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(C).  The only exception to this mandate is when "it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate."  *Id*. § 3145(c) (emphasis added).

"If a person is ordered detained by a magistrate judge . . . the person may file, with the

court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). A district court considering appeals under the Bail Reform Act must conduct an independent review to determine whether the magistrate judge properly found that pretrial detention is necessary or release is appropriate. *See United States v. King*, 849 F. 2d 485, 490 (11th Cir. 1988); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Hurtado*, 779 F.2d 1467, 1480-81 (11th Cir. 1985).

### III.  DECISION AND ANALYSIS

The undersigned independently examined the proceedings before the Magistrate Judge and the subsequent developments of pleading guilty along with the original motion for release, the objections, and the United States' response. The Court even re-reviewed the *pro se* request Body submitted. Having conducted a *de novo* review, the Court finds that mandatory detention is required as Body is pending sentencing on a conviction for a violation of the Controlled Substances Act which carries a maximum term of imprisonment greater than 10 years. He has not shown exceptional reasons as to why detention would not be appropriate.

The arguments that the original reasons for detention (including lack of stable housing and employment) hold little merit because the circumstances themselves have changed. This is no longer a situation of pretrial detention – rather, it is post-conviction and pre-sentence detention. The mandated detention provision applies, and Body has not submitted exceptional circumstances for his release. Therefore, he must remain detained.

### IV.  CONCLUSION

For the foregoing reasons and those reasons articulated by the United States' response, it is **ORDERED** that the *Defendant's Motion to Reconsider Denial of Motion for Release Pending*

*Sentencing* (Doc. 604, filed 8/27/25) which the Court construed as objections to the Magistrate Judge's Order (*see* Docs. 602, 624) is **DENIED and OVERRULED**. The Magistrate Judge's order is **AFFIRMED** and Defendant Body shall remain in custody pending sentencing.

The Court also notes that there was a second *pro se* motion which relates to the issue of release, but also seemingly contains a question about whether Defendant seeks the appointment of new counsel. *See* Doc. 608. The Court had previously denied the motion by text order (Doc. 610) as it related to the question of release since Defendant was represented by counsel. That portion of the *pro se* motion remains denied as discussed in this opinion. But the Court now realizes that it should have also been construed as a motion for hearing on new counsel. Therefore, that motion (Doc. 608) is **PARTIALLY REINSTATED** and **CONSTRUED** as a motion for the appointment of new counsel. The motion is **SET** for an in-person hearing on **October 31, 2025 at 10:30 a.m.** in Courtroom 3B, United States Federal Courthouse, Mobile, Alabama. The United States Marshal is **DIRECTED** to produce the Defendant for the hearing.

**DONE** and **ORDERED** this 27th day of October, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE